# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 14-cr-162 SRN/JJK |
| Plaintiff, | |
| v. | **ORDER** |
| Nicholas Ray Muhlenhardt, | |
| Defendant. | |

Thomas Hollenhorst, United States Attorney's Office, 300 S. 4th St. Ste 600, Minneapolis MN 55415, for the Government.

Andrew H. Mohring, Office of the Federal Defender, 300 S. 4th St. Ste 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Defendant Nicholas Ray Muhlenhardt's Motion for Compassionate Release (("Motion for Release") [Doc. No. 49]) pursuant to 18 U.S.C. § 3582(c)(1)(A). Mr. Muhlenhardt seeks compassionate release and requests that the Court reduce his prison sentence to a supervised release term due to the dangers posed by COVID-19. The Government filed a response in opposition to his Motion for Release. (Gov't's Opp'n [Doc. No. 55].)

Based on a review of the file, record, and proceedings herein, and for the following reasons, the Court denies Defendant's motion.

## I.     BACKGROUND

### A.     Procedural and Factual Background

In June 2014, Mr. Muhlenhardt pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, and one count of possessing a firearm in furtherance of a drug crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  [Doc. No. 28.]  On July 10, 2015, the Court sentenced Mr. Muhlenhardt to a 180-month term of imprisonment.  (*See* Sentencing Judgment [Doc. No. 41].)

Mr. Muhlenhardt is currently incarcerated at FCI-El Reno in Oklahoma.  He has a projected release date of June 2, 2027.  (("Def.'s Mem.") [Doc. No. 50] at 3.)

### B.     Parties' Positions

Mr. Muhlenhardt seeks compassionate release in light of the risks associated with the COVID-19 pandemic.  (Def.'s Mem. at 1-2.)  He argues that his preexisting health issues—which are documented in the Bureau of Prisons ("BOP") Medical Records—make him uniquely susceptible to COVID-19.  Specifically, he asserts that he is susceptible to the virus because he suffers from "asthma" and a "pulmonary abscess," resulting in a "hole in his right lung," and other life-long disorders, including Tourette's syndrome, attention deficit hyperactive disorder ("ADHD"), obsessive compulsive disorder ("OCD"), severe anxiety, and depression. (*Id.* at 2.)  He further alleges that he is taking certain medications that suppress his respiratory and immune system, enhancing his vulnerability to serious complications from the COVID-19 virus.  (*Id.*)  Moreover, he contends that his placement in a facility with "active cases of COVID-19" impermissibly compounds his risk of contracting the virus.  (*Id.* at 8-9.)  Citing 18 U.S.C. § 3582(c)(1)(A), he argues that these

2

risks present "extraordinary and compelling reasons" to grant his request for compassionate release.

In opposition, the Government makes several arguments.[1]  First, the Government argues that Mr. Muhlenhardt has not demonstrated extraordinary and compelling reasons justifying compassionate release.  (Govt's Opp'n at 11-13.)  Specifically, the Government argues that none of Mr. Muhlenhardt's diagnosed conditions, alone, are recognized as risk factors of severe illness from COVID-19 under the guidelines promulgated by the Centers for Disease Control and Prevention ("CDC"). (*Id.* at 13.)   Although the Government concedes that "moderate to severe asthma is a condition that might present an increased risk for severe illness from COVID-19," it asserts that this condition does not rise to the level of an extraordinary and compelling reason justifying a sentence reduction.  (*Id*.)  The Government also maintains that the BOP is taking appropriate action to curtail the spread of COVID-19 within its facilities, emphasizing the low reported infection rate at FCI-El Reno.  (*Id.* at 13-14.)  Finally, the Government argues that the § 3553(a) sentencing factors weigh against Mr. Muhlenhardt's request and he would pose a danger to the community if released, arguing that he has several felony convictions, and his instant offenses reflect an "escalation of [his] already serious drug- and firearm-related criminal record."  (*Id.* at 12.)

---

[1]     The Government does not assert that Mr. Muhlenhardt has failed to exhaust his administrative remedies prior to seeking relief from the Court because he appears to have made a request for compassionate release to the warden, which was denied on June 1, 2020.  [Doc. No. 45.]

## II.     DISCUSSION

### A.     The Law

A court may not modify a term of imprisonment once it has been imposed, except pursuant to statute. *United States v. Kachina*, 2020 WL 2539270, at *1 (D. Minn. May 19, 2020) (citing 18 U.S.C. § 3582(c)); *see also United States v. McIndoo,* -- F. Supp. 3d --, 2020 WL 2201970, at *2 (W.D.N.Y. May 6, 2020). The compassionate release provision, as amended by the First Step Act, is such a statutory exception. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act[2] amended this provision with the goal of increasing "the use and transparency of compassionate release" and the section now allows defendants, for the first time, to petition district courts directly for compassionate release. *United States v. Stephenson*, 2020 WL 2566760, at *2 (S.D. Iowa May 21, 2020). Under the old regime, defendants could petition only the BOP Director, who could then make a motion, at his or her discretion, to the district court. *See* U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 cmt. n.4 (U.S. Sentencing Comm'n 2018). The amended provision provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that ... the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

---

[2]     The First Step Act also amended other provisions of the U.S. Code with the goal of "promot[ing] rehabilitation of prisoners and unwind[ing] decades of mass incarceration." *Stephenson*, 2020 WL 2566760, at *2 (citing Cong. Research Serv., R45558, *The First Step Act of 2018: An Overview* 1 (2019)).

term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A).

While the statute does not define "extraordinary and compelling reasons," Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Commission enumerates several "extraordinary and compelling reasons" justifying a reduction of sentence, including the "medical condition of the defendant," the defendant's "age" and "family circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C).

As relevant here, a defendant's medical condition, in narrow circumstances, may form the basis for a reduction in sentence under the Commission's policy statement. *See id*. The policy statement provides that a reduction is warranted if the defendant is suffering from either (1) a "terminal illness" or (2) a serious physical or mental condition "that substantially diminishes" the ability of the defendant to provide self-care and "from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). The policy statement also provides a catch-all provision, allowing courts to consider "other extraordinary and compelling reasons that exist either separately or in combination with previously described

categories." [3]  *United States v. Walker*, No. 16-cr-33(1) (DWF/LIB), 2020 WL 2490101, at *3 (D. Minn. May 14, 2020) (citing U.S.S.G. § 1B1.13)).

To apply the Commission's guidance above, in conjunction with the amended statutory directive in 18 U.S.C. § 3582(c)(1)(A), numerous district courts, including in this district, have found that the following three issues must be considered in evaluating a compassionate release application: (1) whether "extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement"; (2) whether the sentencing factors under § 3553(a), "to the extent they are applicable," weigh in favor of a sentence reduction; and (3) whether the "prisoner is a danger to the safety of any other person or to the community." *United States v. White*, 13-cr-20653, 2020 WL 2557077, at *4 (E.D. Mich. May 20, 2020) (quoting *United States v. Wong Chi Fai*, No. 93-cr-1340, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019) (citing

---

[3]      Although the policy language only allows the Director of the BOP to identify other grounds that amount to "extraordinary and compelling reasons," the Court agrees with numerous district courts, including in this Circuit, that have interpreted this provision to allow courts, in addition to the Director, the discretion to consider other relevant factors. *See United States v. Ramirez*, 2020 WL 2404858 (D. Mass. May 12, 2020) (collecting cases and finding that courts "have the authority to consider other relevant factors" because such an interpretation "best comports with the First Step Act."); *see also United States v. Brown*, -- F. Supp. 3d--, 2020 WL 2091802, at *5-7 (S.D. Iowa Apr. 29, 2020) (finding that "the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it."). The Eighth Circuit has recently reinforced the district court's discretion to "expand the use of compassionate release" with the passage of the First Step Act. *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *6 (8th Cir. July 16, 2020) (noting that it need not determine whether the district court erred in adhering to the Commission's policy statement because the district court "knew its discretion" to assume a more expansive definition of "extraordinary and compelling reasons" under the First Step Act) (internal quotation and citation omitted).

*United States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019) (further citations omitted)); *see also United States v. Edison*, No. 12-cr-225 (DWF), 2020 WL 3871447, at *2-3 (D. Minn. July 9, 2020).

Moreover, as the movant, the defendant carries the "burden to show he is entitled to a sentence reduction." *United States v. Walker*, No. 11-cr-381 (SRN/HB), 2020 WL 4194677, at *3 (D. Minn. June 26, 2020) (internal citations omitted); *see also United States v. Morrison*, 2020 WL 2555332, at *2 (S.D.N.Y. May 20, 2020) ("[t]he defendant has the burden to show he is entitled to a sentence reduction.") (internal quotation and citation omitted); *United States v. Cabrera*, 2020 WL 2549941, at *2 (C.D. Ill. May 19, 2020) (same) (internal quotation omitted).

### B.    Analysis

The Court now considers whether release under these facts is warranted.  As explained above, the Sentencing Commission's guidance states that an inmate's medical condition, alone, can sometimes be sufficiently extraordinary and compelling under § 3582(c)(1)(A).   U.S.S.G. § 1B1.13 cmt. 1(A)(i) (noting that the condition must be "serious and advanced with an end of life trajectory" or "substantially diminish the ability of the inmate to provide self-care" within the facility and be one "from which he or she is not expected to recover."). Alternatively, an inmate's serious medical condition "in combination with" additional factors may also justify sentence reduction. U.S.S.G.§ 1B1.13 cmt. n.1(A)-(D).

Here, Mr. Muhlenhardt argues that the COVID-19 pandemic, in combination with his serious medical conditions, warrant compassionate release.  Mr. Muhlenhardt, who is

41 years of age, is not at an age that is particularly susceptible to an increased risk of COVID-19 complications.  CDC, *Coronavirus Disease 2019: People Who Are At Higher Risk*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed August 11, 2020).  Nonetheless, he asserts that he has several health conditions, including asthma, and a "pulmonary abscess"—resulting in lung scarring and an "orange-sized hole in his right lung"—in addition to Tourette's syndrome, ADHD, OCD, anxiety and depression, that make him uniquely susceptible to the virus. (Def.'s Mem. at 3-4.)  Although the Court does not intend to diminish the risk of COVID-19 in the federal prison system, the Court agrees with the findings of several courts that "mere speculation of the possibility of contracting the virus" is insufficient to justify release under § 3582(c)(1)(A). *United States v. Fry*, No. 11-cr-141 (PAM/KMM), 2020 WL 1923218, at *1 (D. Minn. Apr. 21, 2020) (citing *United States v. Hamilton*, No. 19-cr-54, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020)); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").  Rather, district courts require, in the context of the general danger presented by COVID-19, that an inmate demonstrate both "a particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." *United States v. Feiling*, --F. Supp. 3d--, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (collecting cases); *Ramirez*, 2020 WL 2404858, at *3; *United States v. Shamilov,* No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2018).

Against these standards, the Government argues that none of Mr. Muhlenhardt's medical conditions, "standing alone, puts him at an increased risk of severe illness from COVID-19." (Gov't's Opp'n at 13.) Regarding his asthma, the Government also contends that, even "moderate to severe asthma" does not rise to the level of an extraordinary and compelling reason to justify release because the CDC only recognizes it as a condition "that might present an increase risk." (*Id.*) Moreover, it argues that Mr. Muhlenhardt fails to demonstrate a particularized risk of contracting the disease at FCI-El Reno. (*Id.* at 13.)

Although the Government appears to rely on the CDC's recent re-categorization of "asthma" as a "possible," rather than "known" risk factor for COVID-19 complications, (Gov't's Opp'n at 13), the Court acknowledges that certain courts continue to recognize this condition as potentially presenting an "extraordinary and compelling reason" justifying release. *See United States v. Reed*, No. 9-cr-160 (PAM/AJB), 2020 WL 3960251, at *1-2 (D. Minn. July 13, 2020) (granting compassionate release, in part, because inmate suffered from asthma, further noting that "asthma is the second most common comorbidity among individuals between ages of 18 and 49 who are hospitalized for COVID-19 complications"). However, despite the risk his asthma can present, the Court agrees with the findings of several courts that this risk alone is insufficient to warrant release. *See, e.g.*, *United States v. Kellam*, No. 12-cr-323, 2020 WL 4530302, at *1 (M.D. Pa. Aug. 7, 2020) (denying compassionate release despite finding that movant's asthma "specifically inflicts weakness on the sufferer's lungs, raising significant concerns about how COVID might affect them"); *United States v. David*, No. 12-cr-214 (ER), 2020 WL 4530302, at *2

(S.D.N.Y Aug. 6, 2020) (denying compassionate release despite medical records demonstrating movant suffered from "asthma, an irregular heartbeat and chest pain").

Specifically, the Court finds that Mr. Muhlenhardt has not demonstrated that he has a particularized risk of contracting COVID-19 at FCI-El Reno.  To date, although six staff members are reported to have been diagnosed with COVID-19, the facility currently has no reported cases of inmates contracting COVID-19.  *See* BOP COVID-19 Coronavirus Resource Page, https://www.bop.gov/coronavirus/ (last accessed August 11, 2020).  While one inmate was reported to have contracted the virus, they have since "recovered."  (*Id.*) Thus, the facility appears to be largely successful at stopping the spread of the virus as of this writing.[4]  Additionally, there is no indication that FCI-El Reno will be unable to handle an outbreak at this time.

In sum, the Court finds that Defendant's medical conditions do not warrant compassionate release.  Mr. Muhlenhardt has not contracted the virus, and his medical conditions, in light of his relatively young age and access to medication, do not fall in the category of illnesses with an end-of-life trajectory, or other reasons, under the Guidelines. A reduction in sentence would not be consistent with the policy statements issued by the Sentencing Commission.  The Court further finds that no other compelling circumstances

---

[4]     Among the measures the BOP has taken are: (1) prohibiting all social and volunteer visits; (2) suspending inmate movement, with limited exceptions; (3) suspending legal visits for 30 days (with case-by-case exceptions); (4) screening staff through self-reporting and temperature checks; (5) screening new inmates, quarantining asymptomatic inmates, and isolating and testing inmates with exposure risk factors; and (6) modifying operations to maximize social distancing and to limit group gatherings. BOP Modified Operations, https://www.bop.gov/coronavirus/covid19 status.jsp (last accessed Aug. 11, 2020).

support his request for a reduction in sentence.  In fashioning an appropriate sentence, the Court applied the § 3553 factors to Mr. Muhlenhardt.  While Mr. Muhlenhardt's participation in drug education, anger management, and counseling is highly encouraging, he has only served approximately 75 months of his 180-month sentence.  (Def.'s Mem. at 2-3; Gov't's Opp'n at 8.)  Reducing his sentence by more than half would not "promote respect for the law, provide just punishment, afford adequate deterrence, []protect the public from further crimes" nor "reflect the seriousness of his offense."[5]  *United States v. Andrews*, No. 18-cr-149 (SRN), 2020 WL 4500227, at *5 (D. Minn. Aug. 5, 2020) (citing 18 U.S.C § 3553(a)).

Taking into consideration all of the Section 3553(a) factors, the Court continues to find that the sentence imposed is just and fair under the totality of the circumstances. *See*, *e.g.*, *United States v. Rodd,* No. 19-3498, 2020 WL 4006427, at *7 (8th Cir. July 16, 2020) (finding that the district court did not abuse its discretion in denying a compassionate release motion when lower court noted its consideration of the § 3553(a) factors at sentencing).

Finally, Mr. Muhlenhardt has not established that he does not present a danger to public safety upon immediate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  He argues to the contrary, relying on evidence submitted at his original sentencing hearing from family and friends and the treatment he has subsequently obtained for his mental health issues.  (Def.'s

---

[5]     Moreover, the Court notes that rehabilitation alone is not a basis for compassionate release.  *See* U.S.S.G. § 1B1.13 cmt. n.3 ("[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for the purposes of this policy statement.").

Mem. at 34; Def.'s Reply [Doc. No. 56] at 11.)  The Court, however, is not convinced, given the seriousness of his prior offenses.  Indeed, his underlying conviction stemmed from the execution of a search warrant at his motel room, resulting in the seizure of 1,340.63 grams of methamphetamine (100% pure), a .45 caliber handgun, ammunition and magazines for the handgun, and $9,769 in cash. (Gov't's Opp'n at 6) (citing PSR ¶¶ 6-7).) His criminal record includes prior adult convictions for violating an order of protection, theft, aggravated first-degree robbery, fifth-degree possession of a controlled substance (twice), illegally possessing a firearm, second-degree possession of a controlled substance, driving while intoxicated, and other offenses.  (PSR ¶¶ 30-53.)  And, as the Government notes, (Gov't's Opp'n at 6-7), his criminal record also reveals a history of using dangerous weapons.  (PSR ¶¶ 30, 34, 44, 46.)  Moreover, Mr. Muhlenhardt committed his underlying conviction while on probation for another felony offense.  (PSR ¶¶ 52, 55.)  His prior felony failed to deter him from engaging in his criminal activity.  The Court therefore finds that he demonstrates a risk to public safety if presently released.

Accordingly, for all of the reasons stated above, Defendant's Motion for Release is denied.

## III.   ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1.   Defendant's Motion for Release [Doc. No. 49] is **DENIED**.

Dated:   August 13, 2020                          s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge